# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50969
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE LUIS REYES-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1560

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Reyes-Lopez (Reyes) appeals the 51-month, within-guidelines sentence imposed following his guilty-plea conviction for illegal reentry. For the first time on appeal, he argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and overstates the seriousness of his offense. He complains that U.S.S.G. § 2L1.2 is not empirically based and double counted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50969

his prior conviction.   Reyes further asserts that the presumption of reasonableness should not attach to his sentence due to the lack of empirical support for § 2L1.2, but he concedes that the argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).   He alternatively contends that, even if the presumption applies, his sentence is unreasonable because it fails to account for mitigating facts, including, among other things, his cultural assimilation and benign reasons for reentering.

Although Reyes acknowledges that this court applies plain error review when a defendant fails to object to the reasonableness of his sentence, he nevertheless contends that the proper standard of review is abuse of discretion. His argument to the contrary notwithstanding, because Reyes did not object to the substantive reasonableness of his sentence in the district court, review is limited to plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The record shows that the district court considered Reyes's arguments for leniency but ultimately determined that a sentence within the advisory guidelines range was appropriate under the circumstances and the § 3553(a) factors.  Reyes's arguments that § 2L1.2 lacks an empirical basis and double counts his criminal history and that illegal reentry is not a serious offense are not well-taken.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *see also United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).   His reliance on mitigating facts fails to rebut the presumption of reasonabless attached to the sentence imposed.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *see also United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Reyes has failed to show any reversible plain error, and his sentence is AFFIRMED.